IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HILLCREST OPTICAL, INC., a corporation, on behalf of itself and all others in the State of Alabama similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL CASUALTY COMPANY, <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    CIVIL ACTION NO.: 1:20-cv-275 <br> * <br> * <br> * <br> * <br> * <br> * |

## CLASS ACTION COMPLAINT

Plaintiff Hillcrest Optical, Inc., on behalf of itself and all others in the State of Alabama similarly situated, brings the following Complaint against Defendant Continental Casualty Company:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Hillcrest Optical, Inc. ("Hillcrest" or "Plaintiff"), is a corporation organized under the laws of the State of Alabama, with its principal place of business located in Alabama.

2. Defendant Continental Casualty Company ("Continental" or "Defendant"), is a corporation organized under the laws of the State of Illinois, with its principal place of business located in Illinois.[1]

---

[1] Plaintiff's insurance policy bears the logo "CNA" throughout, but it states that coverage is provided by Continental Casualty Company. *See* Exhibit A, Policy, Renewal Declaration, p. 1. CNA is the corporate parent of Continental.

3. This Court has subject-matter jurisdiction of this class action pursuant to 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy, the aggregated claims of the members of the proposed Class, exceeds the sum of five million dollars, exclusive of interest and costs, and Plaintiff, a member of the proposed Class, is a citizen of a state different from Continental; pursuant to 28 U.S.C. § 1332(d)(4)(A)(II)(cc), in that the only Defendant is not a citizen of the state in which this action has been filed; and pursuant to 28 U.S.C. § 1332(d)(5), in that the proposed Class has more than 100 members.

4. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims asserted occurred in this judicial district. Venue is also proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(1), in that the Defendant, Continental, is deemed to reside in this judicial district pursuant to 28 U.S.C. § 1391(d). Defendant has purposefully conducted and continues to purposefully conduct substantial business in this judicial district.

## FACTUAL BACKGROUND

5. Plaintiff Hillcrest owns and operates an optometrist's office in Mobile, Alabama.

6. Continental issued Hillcrest a commercial property insurance policy, with a policy period of May 1, 2019, to May 1, 2020, bearing policy number B 4030650931.

7. Hillcrest's policy is an all-risk policy that insures against all risks of direct physical loss unless the loss is specifically excluded by the policy.

8. Hillcrest's policy has the following Continental Casualty (CNA) coverage forms: Businessowners Special Property Coverage Form No. SB146801I, and Business Income and Extra Expense Form No. SB146802E. A copy of Hillcrest's policy is attached hereto as Exhibit A.

9. Plaintiff's Businessowners Special Property Coverage Form provides as follows:

### A. Coverage

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.

Exh. A, Coverage Form No. SB146801I, p. 1.

10. Covered Property at the premises described in Plaintiff's Policy Declarations includes Plaintiff's business premises.

11. Hillcrest's Coverage Form addressing Business Income and Extra Expense provides:

> **Business Income and Extra Expense**
>
> Business Income and Extra Expense is provided at the premises described in the Declarations when the Declarations show that you have coverage for Business Income and Extra Expense.
>
> **1. Business Income**
>
> . . . .
>
> b. We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. . . .

Exh. A, Coverage Form No. SB146802E, p. 1.

12. Hillcrest also purchased coverage for Extra Expense, which is:

> **2. Extra Expense**
>
> a. Extra Expense means reasonable and necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss of or damage to property caused by or resulting from a Covered Cause of Loss.

Exh. A, Coverage Form No. SB146802E, p. 2.

13. Hillcrest's policy also defines Covered Causes of Loss:

    **A. Coverage**

    . . . .

    **3. Covered Causes of Loss**

    RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

    **a.** Excluded in Section B. EXCLUSIONS;

    **b.** Limited in paragraph A.4. Limitations; or

    **c.** Excluded or limited by other provisions of this policy.

Exh. A, Coverage Form No SB146801I, pp. 1-3.

14. The State of Alabama, the United States, and the world are in the midst of the novel coronavirus pandemic. The virus causes the viral illness known as COVID-19. The virus is extremely contagious. To date, Alabama has had over 10,000 coronavirus cases and over 400 of those people have died.

15. On March 13, 2020, Donald J. Trump, the President of the United States, declared the COVID-19 pandemic a National Emergency.

16. Also on March 13, 2020, Kay Ivey, Governor of the State of Alabama, declared the COVID-19 pandemic a State Public Health Emergency. Gov. Ivey directed the appropriate state agencies to exercise their statutory and regulatory authority accordingly.

17. On March 27, 2020, Dr. Scott Harris, the Alabama State Health Officer, entered a Statewide Order which provided, among other things, that effective March 28, 2020, at 5:00 PM., all medical procedures were postponed until further notice, except procedures necessary to treat an emergency medical condition. A copy of Dr. Harris's Order is attached hereto as Exhibit B. Hillcrest, as an optometrist's office, performs medical procedures. Hillcrest shut down in compliance with the Order. Hillcrest furnishes routine primary eye care and rarely has ocular

emergencies.  Accordingly, Hillcrest was completely shut down from March 28 until April 30, when it was allowed to reopen as explained below.

18. Effective April 30, 2020, at 5:00 PM, Dr. Harris entered a Statewide Order allowing the resumption of all medical procedures.  A copy of Dr. Harris's Order is attached as Exhibit C.  Hillcrest reopened in accordance with this order.  The aforesaid orders of Gov. Ivey and Dr. Harris were valid exercises of the government's executive police power.

19. Hillcrest has suffered a substantial loss of business income due to the shutdown, and submitted a claim for the loss to CNA (acting on behalf of Continental) under the business-income provision of Hillcrest's insurance policy.  Hillcrest's claim was filed on or about April 15, 2020.  Hillcrest furnished documents and information requested by CNA, purportedly to evaluate the claim.  On May 4, 2020, Hillcrest's counsel emailed CNA's claims specialist advising that if CNA did not provide a response to Hillcrest's claim, either accepting or denying coverage, within five business days, "we will consider this claim denied and we will proceed with filing a lawsuit in Federal Court."  Exhibit D, May 4, 2020, email from Richard H. Taylor to Darryl Tucker.

20. The five-business-day period referenced in Hillcrest's counsel's email has now expired and CNA/Continental still has not responded to Hillcrest's claim.  Accordingly, Hillcrest brings the instant lawsuit.

21. As addressed above, Hillcrest's policy is an all-risk policy that insures against risks of direct physical loss and promises to pay for "direct physical loss of or damage to Covered Property."  Exhibit A, Coverage Form No. SB146801I, p. 1.

22. Hillcrest sustained direct physical loss of covered property, its business premises, because the State Health Officer issued an order that shut Hillcrest's business down.  There was a direct physical loss of Hillcrest's business premises because its business premises were rendered

physically unusable for their intended purpose. The loss was direct because Dr. Harris's order was expressly directed to a category of businesses to which Hillcrest belongs, facilities performing medical procedures, and because the order was the direct cause of Hillcrest's loss of the use of its business premises.

23. Hillcrest's policy has an endorsement excluding loss or damage caused directly or indirectly by the "[p]resence, growth, proliferation, spread or any activity of 'fungi,' wet or dry rot, or 'microbes.'" Exhibit A, Form No. SB147084B, p. 1. But this exclusion does not apply to Hillcrest. The endorsement defines "microbes" as "any non-fungal micro-organism or non-fungal, colony-form organism that causes infection or disease." *Id*. There is general agreement in the scientific community that a virus is not a microorganism or an organism, because a virus is not alive. To the extent there is disagreement, the term "microbe" as used in the policy is ambiguous and must be construed in favor of coverage, to not include viruses. Moreover, the exclusion requires the "[p]resence, growth, proliferation, spread or any activity of . . . 'microbes.'" This terminology limits the exclusion to the actual presence of microbes in or on the insured premises. There is no indication that the novel coronavirus was ever actually present in or on Hillcrest's business premises.

24. Based upon the foregoing, there is coverage for Hillcrest's claim.

25. Based on Plaintiff's counsel's knowledge, information, and belief, Continental is routinely reacting in two ways to its insureds' claims made under its policies' business-income coverage, which arise out of the COVID-19 pandemic and report that governmental orders closed their businesses to the public or restricted their on-premises business operations. One routine reaction is to deny coverage on the ground that there was no direct physical loss of or damage to

6

covered property.  The other routine reaction is to do nothing, not deny the claims but fail to accept them as covered losses, which has the effect of a denial.

## CLASS ACTION ALLEGATIONS

26. This action is brought as a plaintiffs' class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3).  Plaintiff brings this action on its own behalf, and on behalf of all others in the State of Alabama similarly situated, as representative of the following Class:

> All businesses in the State of Alabama that were issued insurance policies by Continental Casualty Company ("Continental") with Businessowners Special Property Coverage Form No. SB146801I and Business Income and Extra Expense Coverage Form No. SB146802E, whose policies were in effect on and after March 27, 2020, which businesses had their on-premises business operations shut down to the public or restricted by the Alabama State Health Officer's Order of March 27, 2020, who filed claims after that date under the policies' Business Income and Extra Expense Coverage Form, and whose claims were denied by Continental because there was allegedly no coverage under the policies, or, whose claims Continental did not expressly deny but failed to accept as covered losses.
>
> Excluded from the Class are all businesses whose policies have an endorsement specifically excluding coverage for loss or damage caused by, resulting from, or relating to a "virus."

7

> Further excluded from the Class are (1) the officers, directors, and employees of Continental, and its affiliated entities; and (2) all judicial officers of the United States who preside over or hear this case, and all persons related to them as specified in 28 U.S.C. § 455(b)(5).

27. The members of the Class are readily identifiable from Continental's books and records.

28. Upon information and belief, the Class consists of hundreds and possibly thousands of members, and therefore is so numerous that individual joinder of all members is impracticable. The members of the Class are geographically dispersed throughout the State of Alabama.

29. There are questions of law and fact common to Class, which predominate over any questions affecting only individual members of the Class. The questions common to the Class include, but are not limited to, the following:

   (a) Do the policies' Business Income and Extra Expense Coverage Forms cover losses ultimately caused by COVID-19?

   (b) Do the policies' Business Income and Extra Expense Coverage Forms cover losses directly caused by the orders of the governmental authorities that shut down or restricted access to the Class members' businesses?

   (c) Is it a breach of Continental's contractual obligations under the policies for it to deny the Class members' claims under the Business Income and Extra Expense Coverage Forms, for lack of coverage under the policies?

   (d) What is the meaning of the policy provision "direct physical loss of or damage to" covered property?

30. Plaintiff's claims are typical of those of the Class and are based on the same legal theories as those of the members of the Class. Plaintiff's claims and those of the Class members all arise from the same pattern of conduct or practice by Continental, as set out above.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel who are highly experienced and competent in class-action litigation and other complex litigation, and who are knowledgeable regarding the applicable law. Plaintiff and its counsel intend to prosecute this action vigorously. Neither Plaintiff nor its counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff's interests are coextensive with those of the Class, and Plaintiff has no interests adverse to those of the Class members.

32. Plaintiff has made arrangements with its counsel for the discharge of its financial responsibility to the Class. Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.

33. A class action is superior to all other available means for the fair and efficient adjudication of this controversy, and it is desirable to concentrate the litigation of the claims in this forum. The damages suffered by many Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Continental. Moreover, many of the Class members are unlikely to be aware of their rights. Therefore, it is unlikely that these Class members, on an individual basis, can obtain effective redress for the wrongs done to them.

34. Additionally, the court system would be adversely affected by such individualized litigation. Individualized litigation would create the danger of inconsistent judgments arising from the same set of facts. Individualized litigation would also increase delay and expense to all parties

and the court system from the issues raised by this action.  In contrast, the class-action device provides the benefit of adjudication of these issues in a single proceeding, with economies of scale and comprehensive supervision by a single court.

35. Plaintiff and its counsel are aware of no litigation concerning the controversy already begun by or against members of the Class.  This also indicates that the Class members' interest in individually controlling the prosecution of separate actions is minimal.

36. Plaintiff does not anticipate any likely difficulties in the management of this action as a class action.

37. Continental Casualty has acted or refused to act on grounds that apply generally to the Class, as specified above, so that corresponding declaratory relief is appropriate respecting the Class as a whole.

## COUNT I
## DECLARATORY JUDGMENT

Plaintiff alleges as follows against Continental, on its own behalf and on behalf of the members of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 28 U.S.C § 2201:

38. Plaintiff realleges Paragraphs 1 through 37 hereof.

39. There is an actual, substantial, and justiciable controversy between Plaintiff and the Class members on the one hand, and Continental on the other, regarding whether Plaintiff and the Class members' losses of business income and any extra expenses are covered losses under the coverage forms specified above.

40. A judgment declaring the rights of Plaintiff and the Class members will serve a useful purpose in settling and clarifying the legal relations at issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this request for a declaratory judgment.

41.     Plaintiff and the Class members are entitled to a judgment declaring that their losses of business income and any extra expenses are covered losses under the specified coverage forms.

## COUNT II
## BREACH OF CONTRACT

Plaintiff alleges as follows against Continental, on its own behalf and on behalf of the members of the Class, pursuant to Federal Rule of Civil Procedure 23(b)(3):

42.     Plaintiffs reallege Paragraphs 1 through 37 hereof.

43.     There are valid contracts of insurance binding Plaintiff and the Class members on the one hand and Continental on the other.

44.     Plaintiff and the Class members have performed their obligations under the contracts of insurance. Plaintiff and the Class members have filed claims with Continental for their lost business income.

45.     Continental has not performed its obligations under the insurance contracts, in that it has denied coverage for, or failed to accept as covered, Plaintiff's and the Class members' losses of business income when those losses are covered losses under the coverage forms specified above.

46.     Plaintiff and the Class members have been damaged by Continental's denial of coverage, and by its failure to accept coverage, in the amount of their lost business income.

47.     Plaintiff and the Class members are entitled to a judgment against Continental in the amount of their lost business income and any extra expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually, and on behalf of the members of the Class, asks that the Court:

(a)     Certify the Class proposed herein;

(b)     Appoint Plaintiff as representative of the Class;

(c) Appoint Plaintiff's counsel as attorneys for the Class;

(d) Declare the rights of Plaintiff and the Class as follows: declare that Plaintiff's and the Class members' losses of business income and any extra expenses are covered losses under the specified coverage forms.

(e) Enter judgment awarding Plaintiff and the Class members monetary damages for Continental's breach of their insurance contracts, in the amount of their lost business income and any extra expenses;

(f) Award Plaintiff and the Class members prejudgment interest and post-judgment interest as provided by law;

(g) Award Plaintiff and the Class members a reasonable attorney's fee and the costs of this action; and

(h) Provide such further relief as may be just and proper.

## JURY DEMAND

Plaintiff, on behalf of itself and the members of the Class, demands a trial by jury on all issues so triable.

Dated: May 14, 2020

Respectfully submitted,

By: */s/ Richard H. Taylor*
RICHARD H. TALYOR (TAYLR8925)

By: */s/ W. Lloyd Copeland*
W. LLOYD COPELAND (COPW3831)

By: */s/ Steven A. Martino*
STEVEN A. MARTINO (MARS7433)
P.O. Box 894
Mobile, Alabama 36601
Phone: (251) 433-3131
Fax:    (251) 433-4207
Email: richard@taylormartino.com
         lloyd@taylormartino.com
         stevemartino@taylormartino.com

<sub>ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS</sub>

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

**OF COUNSEL:**
John W. "Don" Barrett (pro hac vice application to be filed)
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, Mississippi
Phone: (662) 834-9168
Fax:  (662) 834-2628
Email: donbarrettpa@gmail.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Continental Casualty Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

**OF COUNSEL:**
John W. "Don" Barrett (pro hac vice application to be filed)
BARRETT LAW GROUP, P.A.
404 Court Square North
Lexington, Mississippi
Phone: (662) 834-9168
Fax:    (662) 834-2628
Email: donbarrettpa@gmail.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Continental Casualty Company
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104